IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHAROLETTE K. GREEN                                    PLAINTIFF

         v.           Civil No. 04-5258

L.A. DARLING COMPANY                                   DEFENDANT

**O R D E R**

Now on this 18th day of August, 2005, comes on to be considered **Defendant's Motion for Summary Judgment (Doc. 27).** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Arkansas Civil Rights Act, 16-123-101, *et seq.* Plaintiff asserts claims of hostile work environment harassment, gender discrimination, and retaliation.

2. In its motion for summary judgment, defendant argues that plaintiff's harassment claim should be dismissed, as she did not "mention harassment against herself **personally** in her EEOC charge." (Doc. 28 at pg. 12.) An employment discrimination claim may only be heard if the claimant has exhausted her administrative remedies. See Artis v. Francis Howell North Band Booster Ass'n, 161 F.3d 1178, 1183 (8th Cir. 1998). Claims which are like or reasonably related to the substance of the charges in the EEOC complaint are deemed administratively exhausted and are properly within the scope of the lawsuit. See id. In her EEOC charge, plaintiff alleged:

> Mr. Robinson continually harassed the females under his supervision. Some females were sexually harassed. All females were treated with contempt and disdain.... Mr. Robinson's supervisors ... were well aware of his conduct towards females but took no action to correct it.... I had complained about Mr. Robinson's behavior toward **me** and other females. (Doc. 29 Tab A, Ex. A) (emphasis added).

While plaintiff's allegations of harassment largely focus on the treatment of females in general, the Court finds that she sufficiently alleged that she was personally subjected to sexual harassment. Plaintiff's sexual harassment claim is therefore properly before the Court and is not subject to dismissal. <u>Cf. id.</u> (refusing to consider music coach's claim that he was retaliated against for opposing racial harassment that he personally suffered, where coach's EEOC charge alleged that he was retaliated against for complaining of harassment of students and did not mention that he was personally subjected to harassment).

3. Defendant also argues that it is entitled to summary judgment on the merits of all of plaintiff's claims. Summary judgment is appropriate only if, when viewing the facts in the light most favorable to the plaintiff and giving her the benefit of all reasonable factual inferences, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>See Leichihman v. Pickwick Int'l</u>, 814 F.2d 1263, 1268 (8th Cir.), <u>cert. denied</u>, 484 U.S. 855 (1987). Summary judgments should be sparingly used in employment discrimination cases and then only in those rare instances where there is no

dispute of fact and where there exists only one conclusion. All the evidence must point one way and be susceptible of no reasonable inferences sustaining the position of the non-moving party. See Johnson v. Minnesota Historical Soc., 931 F.2d 1239, 1244 (8th Cir. 1991).

Viewing the evidence under these exacting standards, the Court finds that there are genuine issues of material fact precluding the grant of summary judgment on plaintiff's claims.

Accordingly, **Defendant's Motion for Summary Judgment (Doc. 27)** is **DENIED** in all respects and this case will proceed to trial as scheduled the week of **August 29, 2005**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE